The next case on for argument is Haynes v. University's superannuation in the Petrobas Securities litigation. Good morning. May it please the Court. My name is Anna St. John, and I represent the appellant, Mr. Tom Haynes. In this class action, Haynes filed an objection that indisputably increased the class's recovery by at least $46 million. But when he requested attorney's fees, the district court didn't look at whether his fees were reasonable in light of that success. Instead, it looked at the number of pages that his argument took up in his brief and excluded, without explanation, time that was required for him to participate in the objection process at all. The court awarded him 10 percent of his lodestar or less than $12,000. In Hensley v. Egerhardt, the Supreme Court held that where a party He did look at the timesheets first and found that there were only a handful of hours that could be separated out on that particular issue. So he went to the number of pages in the brief as an alternative method of estimating? That's right, Your Honor. And he adjusted it a little from there. Why was that an abusive discretion? Well, it's an abusive discretion because he didn't apply the framework of Hensley. Under Hensley, the court looks at whether — well, first, whether a party prevailed at all. Here the question arises under White v. Auerbach. Did the objector substantially enhance the benefits for the class? Clearly meets that. The next step is, are there claims that are wholly distinct in this case on which a party was unsuccessful? And Hensley talks about claims. Here there weren't separate claims. Haynes was involved in a single objection process with overlapping — a common core of facts, overlapping arguments. And it was simply impossible in conducting the timesheets or filling in time for counsel to separate their time into neat little buckets. There was one declaration they looked at in analyzing the issues. And in the declaration, the Brazilian contract attorneys were not separated out. It may be difficult to separate the time, so the district court did something to account for that. But how is the claim objecting to the fees based upon the Brazilian work not distinctly different from a claim objecting to the fees in general? Or how is it not distinctly different from the other claims? Well, because there was a single set of papers that Haynes was analyzing in deciding whether or not the fees were reasonable. And so in looking at a list of attorneys — That's how that makes it the same objection. He's got objections that didn't work, and then he's got one that really worked well. But they came — it all came out of a common core of facts. That's what — you're saying that's what Hensley says? That if these — if your objections or claims come out of a single set of facts, then they're not distinctly different? You're saying that's what Haines stands — Hensley stands for? Hensley does say that where there's a common core of facts from which claims arise, they're not wholly distinct. These are not the type of claims that could be made in separate lawsuits. That was Hensley's concern. Is your point that because he's got to be in for — because he has to be in as an objector, then he's opening himself up to a variety of discovery and various other things that he has to — that has to be participated in in order just to advance the one that he was successful in? That's absolutely one component of the district court's error. It certainly is the case that Haines's work on discovery could not be separated into individual buckets of work. The discovery didn't relate to one specific argument or two specific arguments. It was a holistic set of work that Haines had to perform to avoid being held in contempt of court just to bring the Brazilian contract attorney argument. The same is true for the declarations he filed with this objection. They didn't relate to specific arguments. He had to prove his class membership. He had to meet the requirements of the preliminary approval order. He couldn't disregard those just to bring the Brazilian contract attorney issue, and yet the district court didn't give him credit for any of that time. And so we do have a situation where the district court not only didn't look at the overall success, which is the core guiding light for lodestar analyses, it also cut out a lot of time that was closely related, required, for him to bring the successful argument. Well, it awarded 10 percent of the lodestar, so it didn't — it wasn't tightly bound to the number of pages. But your argument is that wasn't enough for those hours. And if you look at the district court's order, the court specifically says, I'm going to bump this up a little because the work on that objection, editing, researching, and drafting, was novel and well done. He specifically confines that 10 percent to that argument. There is no indication that he considered the holistic effort that Haines had to perform just to get involved in this case. So what do we give as guidance not only to the district court in this case, but to future district courts who are wrestling with this issue? Well, I think the precedent of this Court is — goes a long way there, which is that once you do have interrelated work and there's no dispute that at least the discovery, the investigation, the declarations were all interrelated to his argument or required for his argument, then you look at the overall degree of success. That's what Hensley says you do. And the district court never asked, is this fee request reasonable in light of the $46 million benefit? That's what the court should have done. So I'll reserve the balance of my time for rebuttal. Thank you. Mr. Lieberman. May it please the Court. I think there are a number of issues. First, the Hensley case itself was not addressing the case of an objector with respect to attorney's fees. What it was was it was a class action on behalf of inmates in a prison, and there there were six claims brought. Five of them had succeeded and one did not. And thereafter, a trial and a jury trial and a favorable verdict on the merits, the court then went through analysis as to how you divvy up attorney's fees. That's not what happened here. You have Haines came in after preliminary approval in May of 2018, filed a 25-page brief, and then filed a five-page, sir, apply and engage in discovery. And the court didn't find that effort to be all that helpful. It's important to take a step back at the preliminary approval hearing. Is what the standard? Well, the standard is which claims are successful versus which is not. The court did, through its discretion, look at whether or not arguments advanced the analysis or did not, and the court found that only one of the six issues raised by Haines were helpful. That's what the court had held. And very importantly, at the preliminary approval hearing here. He was the only objector, the only one who made this argument. He's the only one who made. I mean, there was billing for over $49 million, and when that money is taken out, the cost, it's just over $3 million. And so the court then gave an award of fees here based on the work that was done. You do have to look at the holistic analysis. Most of the issues raised by Haines were generic. As the Court said, they were general in nature. They argued about the Cyprea award. They argued about predominance. They argued about there should be subclasses. And there, those are distinct claims. You have Haines actually arguing in over half of its brief, arguing that the settlement should not have been approved. That failed resoundingly, and that has nothing to do with attorneys' fees here. There's no way that Haines can claim credit for the hours worked with respect to that work. You have also, it's important to look at the record back in February 2018. The court at preliminary approval stated, why in the world would I award you 9.48 percent? The court said, shouldn't I instead give you what the class got in Bank of America? In Bank of America, class plaintiffs got 6.2 percent. Guess what we got in this case? We got 6.2 percent. With respect, Judge Rakoff was never going to give us a 9.48 percent award. He expressed skepticism right off the bat before Haines had ever ---- One of the, one of my issues is that it seems to me a pretty poor approximation of the time spent to look at the pages that an argument like his makes. And we both know that lawyers sometimes come up with an argument that is not, does not require much expression in a brief once you come up with it because it's clear and simple to express in a brief. But in order to come to that argument, you would have to wade through all the billings. You'd have to come to the insight, well, these are Brazilian attorneys. That might make a difference. You'd have to do the research. And you would have to be an objector to do all that, which also imposes various costs, various time costs on your work. Certainly agreed. But the issue is, is that that flaw was in the time entries made by Haines. Haines could have designated their work. The record shows that Haines, most of their arguments, they raised six arguments with their objection. Most of them failed. And so if you're trying to separate out, the Court did only what it could on the record. The Court looked at ---- Sotomayor in your view consider essentially the preliminary necessities of getting to be a claimant in the first instance. What it costs to do that. Did it consider it? Did Judge Raycock? I think the Court looked at a holistic analysis. I don't think it designated the time spent in informing the objection as a whole. If you would just look, there are already five out of six, you're talking more than 80 percent of the claim was rejected. So of their $117,000 in Lowe's Star, over 85 percent there that was just thrown  It was a 25-page brief. Most of it was found to be not of use to the Court. And so you're already discounting a significant amount. I think what my colleagues are getting at is when the judge focused on the brief in order to come up with his percentage, was there a consideration of what it took to get to that argument, not just the pages of the brief? I'm not sure if the Court specifically looked at that. The issue is that what does it really take to file a brief and launch an objection? It is not a significant amount of time. The declaration that Haines submitted all about the work of CCF was a declaration that was put in dozens of other cases and was just adding on and cumulative. How much really effort does it take to file an objection? You could do it in one paragraph. And then to file a brief, it took 25 pages and another five pages of supplemental. There was discovery that was performed. The problem is the part of the brief that was successful, did the judge consider what it took to get to the part of the brief that was successful? There was little record. There was no record to consider that. And Haines had every opportunity. They made a motion to reconsider. They brought whatever evidence they could to the Court, and the Court took a holistic analysis of what the benefit was that Haines performed in this case and found it to be, while they succeeded with respect to the Brazilian claims, they did not succeed with respect to most of the claims in most of their time. The effort involved in this, they asked for a multiplier here. There should be no multiplier. They spent about three weeks involved in this case. And they're trying to say, well, how could you, you know, class counsel receive the multiplier, but they could receive no multiplier. Our firm was involved in this case for four years, uncompensated. We'd put in $14 million in expenses, and we've yet to receive even half of the fees that we've been awarded. CCEF spent a full three weeks on this case. Now they're asking for a multiplier. In addition, it simply does not make any sense. And it's certainly within the Court's discretion to deny that. And so really I think a look at Hensley, first of all, is distinguishable on its own. Hensley is not the type of case dealing with an objector, and it does deal with somebody who, where most of the claims succeeded, and the Court goes through an analysis and found after a trial that it gave a paradigm for awarding attorney's fees. But even applying Hensley, you already have half of the appeal at least, at the very least, that had nothing to do with fees, had to do with predominance, had to do with subclassing, all of which were resoundingly objective. And so we think respectfully that Haines's bark is a little louder than its bite here. The district court properly ruled and has broad discretion in these cases, particularly with attorney's fees, and significant discretion. It found that Haines's efforts had some value but weren't all that successful. We'll yield our time. Thank you, Mr. Lieberman. Ms. St. John. Thank you, Your Honor. I'm not sure what counsel means by a holistic analysis, but there's nothing in the Court's order suggesting that it considered the overall success or any of the all-inclusive work required for us to make the argument that we did on behalf of Haines. None of the work here was frivolous or unreasonable, and the district court didn't make that finding. The fact is the Brazilian contract attorneys were part of a single fee request. They were not broken out separately. They were included in the same list of over 100 attorneys who worked on the matter. We had to look at one declaration that listed the biographies of the attorneys and which courts they were admitted in, another declaration showing all of the lodestar time for all of the attorneys, and put all of that together just to make that argument. As counsel is investigating these filings and thinking about the issues and doing the legal research, it's just not feasible to put time into buckets the way the court would have had us do or the counsel now is imposing on us. That kind of timekeeping wasn't even required by the district court. In Haines, another issue with this case is that if the district court's decision stands, it creates a situation where class counsel is able to burden objectors who want to participate in the process by imposing abusive discovery on them and hoop-jumping that makes it even harder for them to participate in a process where their claims are the ones being extinguished. And at a point in the process where there's little adversarial presentation to begin with. Finally, using an analogy, this would be as if a plaintiff won a case on summary judgment with two of their 12 arguments being successful, and the court awarded a sixth of lodestar with no time allowed for discovery or filing the complaint. You can't get to that point of the litigation to succeed on arguments, some portion of arguments, without doing a lot of work in the beginning. And so unless there are further questions, we'll rest on our briefs and our argument and ask the court to reverse and remand. Thank you. Thank you.